**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**FELIX AMILCAR BARAHONA ROSALES,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv483**

**JEFFREY CRAWFORD, *et al.*,**

**Respondents.**

**MEMORANDUM OPINION**

Felix Amilcar Barahona Rosales, a federal immigration detainee currently detained in the Farmville Detention Center, proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition ("§ 2241 Petition," ECF No. 1).[1] Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE"). Respondents have filed an Opposition. (ECF No. 6.) Petitioner filed a Notice. (ECF No. 7.) For the reasons set forth below, the Court will order supplemental briefing.

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> > (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> >
> > (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> >
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(1)–(3).

## I. Factual and Procedural History

### A. Factual Background

Petitioner is a native and citizen of Honduras. (*See* ECF No. 1-3, at 35.) Petitioner entered the United States on November 1, 1994. (ECF No. 1-3, at 13.)

"On October 23, 2013, [Petitioner] was ordered removed in absentia to Honduras by an immigration judge in Arlington, Virginia." (ECF No. 7, at 7.) Petitioner appealed. (ECF No. 7, at 7.) "On July 21, 2015, the Board of Immigration Appeals denied the appeal, construed the appeal as a timely filed motion to reopen pursuant to section 240(b)(5)(C) of the [INA], and returned the case to the Immigration Judge." (ECF No. 7, at 7.)

At some point, it appears that Petitioner had counsel. Petitioner's filings include a document apparently prepared by Petitioner's counsel stating that U.S. Citizenship and Immigration Services ("USCIS") responded (ECF No. 1-3, at 46) on August 9, 2018 to a service request specific to a receipt number for Petitioner's pending immigration petition regarding one "Feliz Barahona-Rosaeles" in reference to a Form I-751, Petition to Remove Conditions on Residence (CRI89), which Petitioner never filed. (ECF No. 1-3, at 24–25.) Counsel apparently sought clarification and according to counsel's document, USCIS responded that it was "not able to locate a record of your filing at this office." (ECF No. 1-3, at 25.) Counsel filed a G-28 and G-639, and "obtain[ed] an FBI background check to reconstruct the case file that USCIS should have maintained." (ECF No. 1-3, at 25.)

"On January 9, 2020, an Immigration Judge in Arlington, Virginia granted [Petitioner] a $7,500 bond." (ECF No. 7, at 7.) "On February 5, 2020, [Petitioner] was released" on bond. (ECF No. 7, at 7.) "On November 12, 2025, Roanoke City Police Department, in Roanoke, Virginia, arrested [Petitioner] for assault and battery of a family member and strangulation."

(ECF No. 7, at 8.) Petitioner has been in immigration custody since November 13, 2025. (ECF No. 1, at 6.)

### B. Procedural Background

On May 28, 2026, the Court received Petitioner's § 2241 Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his § 2241 Petition, Petitioner states that he was taken into immigration custody on November 13, 2025, and that removal proceedings are pending. (ECF No. 1, at 6.)[2] Petitioner asks the Court "to order [his] direct release from ICE custody, pending a fair bond hearing, or, in the alterative, to order a fair bond hearing." (ECF No. 1, at 9.)

On June 16, 2026, the Court ordered Respondents to either file a Notice indicating that the factual and legal issues presented in the § 2241 Petition do not differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, No. 3:25-cv-758 (E.D. Va.), or an Opposition to the § 2241 Petition discussing the material differences between *Duarte Escobar* and the § 2241 Petition. (ECF No. 5, at 1.) On June 23, 2026, Respondents filed their Opposition arguing that material differences exist from *Duarte Escobar*. (ECF No. 6.) Respondents assert that an Immigration Judge ("IJ") conducted a bond hearing and the § 2241 Petition should be dismissed as moot. (ECF No. 6, at 1–2.) In his Notice, Petitioner contends that the Immigration Judge's bond determination was made based on the absence of evidence submitted by Petitioner and without other explanation. (ECF No. 7, at 1.)

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization, punctuation, and emphasis from the parties' submissions.

## II. Standard of Review

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if

the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III. Analysis

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, it has not been established that Petitioner received the relief sought in the § 2241 Petition. Petitioner requested "release from ICE custody" or "a *fair* bond hearing" (ECF No. 1, at 9 (emphasis added)), and the record before the Court is insufficient to ascertain whether Petitioner's bond hearing comported with due process. On January 21, 2026, the Immigration Judge issued a two-page form Order, which states that the Immigration Judge considered Petitioner's request for a custody redetermination pursuant to 8 C.F.R. § 1236. (ECF No. 6-1, at 1.) The Immigration Judge checked the box for "Denied, because" and entered only the

following text: "The court lacks jurisdiction. Furthermore, [Petitioner] is a danger to the community." (ECF No. 6-1, at 1.)[3] In his Notice, Petitioner contends that:

> On January 21, 2026, I went to a bond hearing where the immigration judge record said the only reason I was denied bond was because I didn't have any of my evidence in front of him so the immigration judge . . . never mentioned why I was a danger to the community other than not having my evidence in front of his desk. Court recordings never mentioned I was a danger to the community. Or that I was a flight risk. I am not a danger to the community. . . . I'm not a flight risk.

(ECF No. 7, at 1.)[4] Respondents argue that the § 2241 Petition should be dismissed as moot because Petitioner has already received the relief—a bond hearing—that he sought in the § 2241 Petition. (ECF No. 6, at 1–2.)

The Court has a "very limited ability to review [an] IJ's denial of bond" and "may not reweigh the substantive merits of an IJ's discretionary bond determination." *Garcia Mesias v. Warden*, No. 3:26-cv-186 (DJN), at 1 (E.D. Va. May 8, 2026), ECF No. 12 (quoting *Alvarado Flores v. Dillman*, No. 3:26-cv-8 (DJN), at 3 (E.D. Va. Apr. 30, 2026), ECF No. 13 (citing 8 U.S.C. § 1252(a)(2)(B)(ii), § 1226(e); *Hatami v. Chertoff*, 467 F. Supp. 2d 637, 641 (E.D. Va. 2006))). "But whether an immigration judge must consider certain factors is still a 'constitutional challenge' to the procedures adopted by the Attorney General for all detention decisions under § 1226(a)" and judicial review of such constitutional challenges is not barred by

---

[3] No further explanation is provided about the immigration court's jurisdiction determination and Respondents do not address the issue.

[4] Petitioner reserved appeal (ECF No. 6-1, at 2), and filed an appeal on February 4, 2026 (ECF No. 1-3, at 9–10). The appeal was rejected on March 18, 2026 due to lack of certificate of service to the opposing party. (ECF No. 1-3, at 3.) An immigration judge ordered removal on April 3, 2026. EOIR, *Automated Case Information*, A-Number 073-689-639, available at: https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 12, 2026). Petitioner appealed on May 4, 2026. *Id.*

8 U.S.C. § 1226(e)[5] or § 1252(a)(2)(B)(ii).[6] *Miranda v. Garland*, 34 F.4th 338, 353 & n.6 (4th Cir. 2022).

A § 1226(a) bond hearing must comport with due process. *Miranda*, 34 F.4th at 358–59 (applying three-factor balancing test (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976))[7]). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (citations omitted). "[A]n IJ must provide a detainee with a procedurally sufficient and substantively meaningful opportunity to be heard, and accordingly, the IJ must consider evidence that is (1) individualized to the detainee and (2) actually probative as to the detainee's bond risk when making a bond decision." *Alvarado Flores*, No. 3:26-cv-8 (DJN), ECF No. 13, at 6.

---

[5] 8 U.S.C. § 1226(e) provides, in relevant part: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to [judicial] review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e).

[6] 8 U.S.C. § 1252(a)(2)(B)(ii) provides, in relevant part: "[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." *Id.* § 1252(a)(2)(B)(ii).

[7] *Mathews* further explained:

> More precisely, our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 334–35 (citation omitted).

Courts in this district have addressed the sufficiency of procedures provided at bond hearings. An IJ provided sufficient process by "consider[ing] the evidence that both parties presented to him, allow[ing] both counsel for Petitioner and counsel for Respondents to present their arguments as to whether Petitioner posed a flight risk or a danger to the community, engag[ing] with Petitioner's arguments by asking questions of his counsel and allow[ing] counsel to rebut Respondents' arguments before rendering his final decision." *Id.* at 6–7 (citation omitted). Sufficient process was provided where an IJ "was engaged, asked questions, and considered the arguments of counsel." *Ulloa Campos v. Noem*, No. 1:26-cv-208 (RDA/IDD), at 3 (E.D. Va. Mar. 11, 2026), ECF No. 14.

Courts in this district and others have also considered the individualized and probative nature of the facts relied upon for bond determinations. Where an immigration judge "considered the record evidence and recounted relevant information in rendering his decision," the court concluded that the bond hearing was "sufficiently individualized" so as to be "devoid of constitutional defects." *Alvarado Flores*, No. 3:26-cv-8 (DJN), ECF No. 13, at 7–8 (recounting "criminal conduct, misrepresentations on his tax forms, unauthorized employment, his failure to seek legal status in the time that he had resided in the United States and his failure to apply for a direct immigration status or benefit"); *see also Ulloa Campos*, No. 1:26-cv-208 (RDA/IDD), ECF No. 14, at 2 (considered repeated unlawful entry into the United States, no evidence of purported Temporary Protected Status, no evidence of purported income tax payments, unauthorized employment, unlikelihood of success of requests for relief).

Conversely, courts have ordered a new bond hearing when the relied-upon facts were not sufficiently individualized or probative. In one such case, a detainee challenged an IJ's two-sentence determination: "Respondent has not met his burden to show that he is not a significant

flight risk. Respondent is a relatively recent entrant to the United States having entered unlawfully in 2021, he has tenuous ties to the United States, and his relief before the Court is speculative." *Lopez v. Paulk*, No. 7:26-cv-29 (WLS/ALS), 2026 WL 961948, at *5 (M.D. Ga. Apr. 6, 2026) (citation omitted) (also discussing burden of proof). The court concluded that the determination was not individualized because the immigration judge's only mention of individualized facts were his year of entry and "tenuous ties," without mention of family members residing in the same town, any fact from the detainee's 500-page submission, or any indication that the immigration judge had reviewed the submission, and the fact that the IJ immediately announced her decision. *Id.*

In a case in this district, the court agreed with the petitioner that "the facts the Immigration Judge relied upon to deny him bond . . . were so lacking in probative value that the consideration of those facts deprived him of a fair and individualized bond hearing" and ordered a new bond hearing before a different immigration judge. *Lemus Crispin v. Bondi*, No. 1:26-cv-191 (LMB/WEF), 2026 WL 768859, at *4, *7 (E.D. Va. Mar. 18, 2026). The court found fault with the IJ's reliance on the detainee's unlawful status and unauthorized work history because "an individual's bond hearing fails to comport with due process where an Immigration Judge relies on considerations that would lead to an automatic denial of bond in all cases." *Id.* at *5 (quoting *Argueta-Portillo v. Bondi*, No. 1:26-cv-122 (MSN/LRV), at 1 (E.D. Va. Mar. 2, 2026), ECF No. 16)).

Indeed, agency guidance provided in *In re Guerra*, 24 I&N Dec. 37, 38 (BIA 2006), calls for consideration of probative and specific facts and the Fourth Circuit concluded that the procedures described therein "provide substantial process." *Alvarado Flores*, No. 3:26-cv-8 (DJN), ECF No. 13, at 4–5 (quoting *Miranda*, 34 F.4th at 362).

> According to *In re Guerra*, '[a]ny evidence in the record that is probative and specific can be considered,' but specific factors that are especially probative to a non-citizen's risk of flight or danger to the community include:
>
> 1. Whether the alien has a fixed address in the United States;
> 2. The alien's length of residence in the United States;
> 3. The alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future;
> 4. The alien's employment history;
> 5. The alien's record of appearance in court;
> 6. The alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses;
> 7. The alien's history of immigration violations;
> 8. Any attempts by the alien to flee prosecution or otherwise escape from authorities; and
> 9. The alien's manner of entry to the United States.

*Id.* at 5 (quoting *In re Guerra*, 24 I&N Dec. at 40).

Here, Petitioner's contention that the Immigration Judge's denial of bond was not based on evidence is unrebutted by the Immigration Judge's form order (ECF No. 6-1) or in Respondents' Opposition (ECF No. 6). For the purpose of reviewing Petitioner's constitutional challenge of the January 21, 2026 bond hearing, the record lacks information regarding the procedure afforded and the factual bases, if any, of the determination that Petitioner is a danger to the community for the Court to evaluate whether the bond hearing satisfied due process. Consistent with the Court's limited review authority, the Court will order supplemental briefing.

## V. Conclusion

Petitioner and Respondents will be ORDERED to file supplemental briefing.

Petitioner moves for the appointment of counsel. (ECF No. 3.) The Court may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). However, Petitioner fails to demonstrate that the interests of justice warrant the appoint of counsel at this juncture. Accordingly, Petitioner's motion for the appointment of counsel (ECF No. 3) will be DENIED WITHOUT PREJUDICE.

An appropriate order shall accompany this Memorandum Opinion.

/s/ MHL

M. Hannah Lauck
Chief United States District Judge

Date: 8/20/26
Richmond, Virginia