**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**FELIX AMILCAR BARAHONA ROSALES,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv483**

**JEFFREY CRAWFORD, *et al.*,**

**Respondents.**

**MEMORANDUM OPINION**

Felix Amilcar Barahona Rosales, a federal immigration detainee currently detained in the Farmville Detention Center, proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition ("§ 2241 Petition," ECF No. 1).[1] Respondents filed an Opposition, (ECF No. 6), and Petitioner filed a Notice. (ECF No. 7.) At the Court's direction, both parties field supplemental briefing. (ECF Nos. 10, 11.)

Unlike many of the petitioners seeking § 2241 habeas relief from this Court, Petitioner already received a bond hearing. The central question before the Court is whether that bond

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(1)–(3).

hearing comported with due process. For the reasons articulated below, the Court finds that it did not. The Court will grant the § 2241 Petition and order Respondents to provide Petitioner with a constitutionally adequate bond hearing.

## I. Factual and Procedural Background

### A. Factual Background

Petitioner is a native and citizen of Honduras. (*See* ECF No. 1-3, at 35.) Petitioner entered the United States on November 1, 1994. (ECF No. 1-3, at 13.)

"On October 23, 2013, [Petitioner] was ordered removed in absentia to Honduras by an immigration judge in Arlington, Virginia." (ECF No. 7, at 7.) Petitioner appealed. (ECF No. 7, at 7.) "On July 21, 2015, the Board of Immigration Appeals denied the appeal, construed the appeal as a timely filed motion to reopen pursuant to section 240(b)(5)(C)[[2]] of the [INA], and returned the case to the Immigration Judge." (ECF No. 7, at 7.)[3]

"On January 9, 2020, an Immigration Judge in Arlington, Virginia granted [Petitioner] a $7,500 bond." (ECF No. 7, at 7.) "On February 5, 2020, [Petitioner] was released" on bond. (ECF No. 7, at 7.) "On November 12, 2025, Roanoke City Police Department, in Roanoke, Virginia, arrested [Petitioner] for assault and battery of a family member and strangulation."

---

[2] Section 240(b)(5)(C) of the INA governs the recission of an immigration court's order ordering a noncitizen removed in absentia. *Id.* (codified at 8 U.S.C. § 1229a(b)(5)(C).)

[3] At some point, it appears that Petitioner had counsel. Petitioner's filings include a document apparently prepared by Petitioner's counsel stating that U.S. Citizenship and Immigration Services ("USCIS") responded (ECF No. 1-3, at 46) on August 9, 2018 to a service request specific to a receipt number for Petitioner's pending immigration petition regarding "Feliz Barahona-Rosaeles" in reference to a Form I-751, Petition to Remove Conditions on Residence (CRI89), which Petitioner never filed. (ECF No. 1-3, at 24–25.) Counsel apparently sought clarification and according to counsel's document, USCIS responded that it was "not able to locate a record of your filing at this office." (ECF No. 1-3, at 25.) Counsel filed a G-28 and G-639, and "obtain[ed] an FBI background check to reconstruct the case file that USCIS should have maintained." (ECF No. 1-3, at 25.)

(ECF No. 7, at 8.) Petitioner has been in immigration custody since November 13, 2025. (ECF No. 1, at 6.)

On January 21, 2026, an Immigration Judge held a bond hearing for Petitioner and denied his request for bond, stating only: "The court lacks jurisdiction. Furthermore, [Petitioner] is a danger to the community." (ECF No. 6-1, at 1.)[4]

### B. Procedural Background

On May 28, 2026, the Court received Petitioner's § 2241 Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his § 2241 Petition, Petitioner states that he was taken into immigration custody on November 13, 2025, and that removal proceedings are pending. (ECF No. 1, at 6.)[5] Petitioner asks the Court "to order [his] direct release from ICE custody, pending a fair bond hearing, or, in the alterative, to order a fair bond hearing." (ECF No. 1, at 9.)

On June 16, 2026, the Court ordered Respondents to either file a Notice indicating that the factual and legal issues presented in the § 2241 Petition do not differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, No. 3:25-cv-758 (E.D. Va.), or an Opposition to the § 2241 Petition discussing the material differences between *Duarte Escobar* and the § 2241 Petition. (ECF No. 5, at 1.) On June 23, 2026, Respondents filed their Opposition arguing that material differences exist from *Duarte Escobar*. (ECF No. 6.) Respondents assert that an Immigration Judge ("IJ") conducted a bond hearing in January 2026 and the § 2241 Petition should be dismissed as moot. (ECF No. 6, at 1–2.) In his Notice,

---

[4] No further explanation is provided about the immigration court's jurisdiction determination and Respondents do not address the issue.

[5] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization, punctuation, and emphasis from the parties' submissions.

Petitioner contends that the Immigration Judge's bond determination was made based on the absence of evidence submitted by Petitioner and without other explanation. (ECF No. 7, at 1.)

On August 20, 2026, the Court ordered Petitioner to file a supplemental brief "setting forth the specific constitutional deficiencies of Petitioner's bond hearing, including an explanation of how the factors, if any, relied upon by the Immigration Judge precluded consideration of Petitioner's individual circumstances and/or lacked probative value concerning his bond risk." (ECF No. 9, at 1.) Respondents were ordered to file a response within seven days of Petitioner's filing. (ECF No. 9, at 1.)

Petitioner filed supplemental arguments and supporting documents. (ECF No. 10.) Petitioner asserts that he was not given notice for his bond hearing and was unable to prepare. (ECF No. 10, at 1.) Petitioner states that the Immigration Judge denied bond because Petitioner did not present evidence. (ECF No. 10, at 1.) Petitioner contends that "[his] civil rights and [] civil liberties have been violated," and he has been mentally and physically abused. (ECF No. 10, at 3.) On September 8, 2026, Respondents filed a Response in Opposition. (ECF No. 11.) Respondents argue that "Petitioner does not identify any constitutional deficiencies related to his bond hearing." (ECF No. 11, at 1.) Respondents assert that the January 21, 2026 bond hearing afforded Petitioner due process. (ECF No. 11, at 2.) Respondents argue that the Immigration Judge's alternative finding that Petitioner is a danger to the community was "well supported" by "the volume and nature" of Petitioner's criminal history, the majority of which involved charges that were admittedly "nolle prossed or deferred." (ECF No. 11, at 2.)

On September 8, 2026, Petitioner submitted a letter ("Motion for Release," ECF No. 12), requesting that the Court order his release. On September 21, 2026, Petitioner filed additional supporting documents. (ECF No. 13.)

## II. Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. Analysis

### A. The January 21, 2026 Bond Hearing Did Not Comport With Due Process

Petitioner argues that he was called for the bond hearing without being served with a notice to appear and therefore he was not ready for the bond hearing. (ECF No. 10, at 1.) Thus, the central question before the Court is whether Petitioner's bond hearing comported with his due process rights under the Fifth Amendment to the United States Constitution.[6] The Court concludes that it did not.

The Court has a "very limited ability to review [an] [Immigration Judge's] denial of bond" and "may not reweigh the substantive merits of an [Immigration Judge's] discretionary bond determination." *Garcia Mesias v. Warden*, No. 3:26-cv-186 (DJN) (E.D. Va. May 8, 2026), ECF No. 12, at 1 (quoting *Alvarado Flores v. Dillman*, No. 3:26-cv-8 (DJN) (E.D. Va. Feb. 3, 2026), ECF No. 13, at 3 (citing 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1226(e); *Hatami v.*

---

[6] The Fifth Amendment to the United States Constitution provides, in pertinent part:

> No person shall . . . be deprived of life, liberty or property without due process of law.

U.S. Const. amend. V.

*Chertoff*, 467 F. Supp. 2d 637, 641 (E.D. Va. 2006))). "But whether an immigration judge must consider certain factors is still a 'constitutional challenge' to the procedures adopted by the Attorney General for all detention decisions under § 1226(a)" and judicial review of such constitutional challenges is not barred by 8 U.S.C. § 1226(e)[7] or § 1252(a)(2)(B)(ii).[8] *Miranda v. Garland*, 34 F.4th 338, 353 & n.6 (4th Cir. 2022).

A § 1226(a) bond hearing must comport with due process. *Id.* at 358–59 (applying three-factor balancing test (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976))). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (citations omitted). "The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" *Id.* at 348 (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 171–72 (1951) (Frankfurter, J., concurring)). "[A]n IJ must provide a detainee with a procedurally sufficient and substantively meaningful opportunity to be heard, and accordingly, the IJ must consider evidence that is (1) individualized to the detainee and (2) actually probative as to the detainee's bond risk when making a bond decision." *Alvarado Flores*, No. 3:26-cv-8 (DJN), ECF No. 13, at 6.

---

[7] 8 U.S.C. § 1226(e) provides, in relevant part: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to [judicial] review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e).

[8] 8 U.S.C. § 1252(a)(2)(B)(ii) provides, in relevant part: "[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." *Id.* § 1252(a)(2)(B)(ii).

The three-factor balancing test to determine the process due is laid out in *Mathews*. As the United States Supreme Court held:

> [T]he specific dictates of due process generally require[] consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 334–35 (citation omitted). First, Petitioner's private interest in liberty is significant. Second, Petitioner was not afforded the process due when he was unable to present evidence at the January 21, 2026 bond hearing due to lack of notice. Respondents do not rebut Petitioner's allegation that he did not receive notice. Against his weighty interest in liberty, his inability to present *any* evidence does not amount to an "opportunity to be heard . . . in a meaningful manner," *id.* at 333 (citations omitted), nor constitute sufficient notice to meet the case presented against him, *id.* at 348 (citation omitted). In addition, the risk of erroneous deprivation is not negligible when, as here, only one party presented evidence. Third and finally, the Government's fiscal and administrative burden in giving Petitioner a second bond hearing is low relative to Petitioner's liberty interest and the ostensible risk of erroneous deprivation. Upon consideration of the *Mathews* factors, Petitioner's January 21, 2026 bond hearing failed to comport with due process.

### B. The Court Will Order Respondents to Provide Petitioner With a Constitutionally Compliant Bond Hearing

Petitioner asks the Court to order his release in the § 2241 Petition (ECF No. 1, at 9) and the Motion for Release (ECF No. 12). For three reasons, the Court will order Respondents to provide Petitioner with a bond hearing rather than immediate release.

First, ordering a bond hearing allows the Court to tailor its remedy to the specific injury alleged by Petitioner: deprivation of his access to a bond hearing. *Avelar Ramos v. Bondi*, No. 3:26-cv-112 (MHL), 2026 WL 614875, at *5 (E.D. Va. Mar. 4, 2026). Second, providing Petitioner with a bond hearing aligns with the INA's statutory scheme, through which Congress and DHS, in enacting § 1226 and promulgating its implementing regulations, "have determined that an Immigration Judge is best situated to make a determination about whether an alien is a potential danger to the community or is a flight risk." *Id.* at *6. And third, the circumstances in which district courts within the jurisdiction of the United States Court of Appeals for the Fourth Circuit have ordered immediate release instead of a bond hearing are not present here. *Id.* For example, this Court has neither been "confronted with petitioners who have been detained, released, and re-detained by immigration officials," nor with evidence of Respondents' failure to comply with this Court's orders. *See id.* The Court will therefore order Respondents to provide Petitioner with a bond hearing rather than order his release from custody.

## IV. Conclusion

For the reasons articulated above, the Court will grant the § 2241 Petition, (ECF No. 1), and order that Petitioner be provided a constitutionally compliant bond hearing with an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Petitioner shall be given a reasonable amount of time and notice so that he may gather and present evidence at the bond hearing.

The Motion for Release (ECF No. 12) will be denied.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
Chief United States District Judge

Date: 9/24/26
Richmond, Virginia