**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**FELIX AMILCAR BARAHONA ROSALES,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv483**

**JEFFREY CRAWFORD, *et al.*,**

**Respondents.**

# ORDER

In accordance with the accompanying Memorandum Opinion, the Court GRANTS Petitioner Felix Amilcar Barahona Rosales' Petition (ECF No. 1) and DENIES the Motion for Release (ECF No. 12).

Respondents are ORDERED to provide Petitioner with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

The Court ORDERS that the Immigration Court provide Petitioner with a bond hearing prior to any hearing on the merits of his removal, and no sooner than seven (7) days from the time when Petitioner is provided with *notice* of the bond hearing and no later than fourteen (14) days from the date of this Order. This Order does not preclude Petitioner from requesting, and the Immigration Court from considering such a request from Petitioner for, a continuance for additional time to gather evidence.

Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

Respondents are ORDERED to file a status report with this Court no later than three (3) days after Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial. Simply stating that Petitioner's request

for bond was denied because he was deemed a "flight risk" or a "danger to the community," without more, would be insufficient.

In the event that Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should Petitioner be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[9]

Unless a party seeks additional relief within seven (7) days from the filing of the post-bond-hearing status report, the Court will order that this case be CLOSED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion and Order to Petitioner and Respondents.

It is so ORDERED.

Date: 9/24/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

[9] Courts in this District have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).